IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DERRICK MICHAEL STANBERRY | ) | |
| #209119 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-59-RAH-SMD |
| | ) | [WO] |
| KAY IVEY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pro se Plaintiff Derrick Stanberry, an inmate incarcerated at the Donaldson Correctional Facility, brings this action under 42 U.S.C. § 1983. *Compl.* (Doc. 1) pp. 2–3. He seeks a declaration that the proceedings at the Alabama Constitutional Convention of 1901 are null and void because they deny certain classes of people—e.g., the poor and mentally ill—with equal protection. *Id.* at 3–4. He also requests his immediate release and an injunction prohibiting Defendant Governor Kay Ivey from enforcing the Alabama Constitution. *Id.*[1] Because Stanberry is proceeding *in forma pauperis*,[2] the undersigned has screened his complaint under 28 U.S.C. § 1915(e)(2)(B), and for the following reasons,

---

[1] In addition to Governor Kay Ivey, Stanberry names D. Cole of House of the Temple, Grant Culliver of the Alabama Department of Corrections, Wexford HealthCare physician Dr. Timothy Stone, Brookwood Medical Center physician Thomas Powell, and the National Security Administration Director as defendants.

[2] *Order* (Doc. 9) p. 1 (granting Stanberry's motion to proceed *in forma pauperis*).

now recommends that this case be dismissed with prejudice and that all pending motions be denied as moot.[3]

In the Eleventh Circuit, a district court may review any complaint filed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B). *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004). Under this statute, a reviewing court must dismiss a complaint if it: (i) is "frivolous or malicious," (ii) "fails to state a claim on which relief may be granted," or (iii) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A reviewing court has broad discretion to manage its *in forma pauperis* cases and to determine whether a complaint should be dismissed under § 1915(e)(2)(B). *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984).

To survive § 1915 review, a complaint must meet the pleading standard set forth in Federal Rule of Civil Procedure 8. *See, e.g.*, *Rodriguez v. Scott*, 775 F. App'x 599, 602 (11th Cir. 2019); *Thomas v. Pentagon Fed. Credit Union*, 393 F. App'x 635, 639 (11th Cir. 2010). Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere labels and conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Twombly*, 550 U.S. at 555.

---

[3] Also pending before the Court is Stanberry's motion for court intervention (Doc. 6), motion for a three-judge court under 28 U.S.C. § 2284(a) (Doc. 7), and motion for service (Doc. 8).

In determining whether a complaint should be dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim for which relief may be granted, a reviewing court employs the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). Under Rule 12(b)(6), a complaint is subject to dismissal if it fails "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Lastly, federal courts liberally construe pro se pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold pro se pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 838 F. App'x 501 (11th Cir. 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). A court should dismiss a pro se complaint without providing leave to amend "where

amendment would be futile"[4]—i.e., where the complaint as amended would still be subject to dismissal.[5]

In this case, Stanberry seeks relief under 42 U.S.C. § 1983. *Compl.* (Doc. 1) pp. 2–3. To state a § 1983 claim, a plaintiff must allege: (1) a violation of a right secured by the Constitution or laws of the United States, and (2) the deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In his complaint, Stanberry alleges that Defendant Governor Kay Ivey upholds an unconstitutional body of law that originated for the purpose of perpetuating White supremacy and denying Black Alabamians equal protection due to their race. *Compl.* (Doc. 1) pp. 3–5.

Additionally, Stanberry claims that Defendants have conspired to violate the free exercise of his religion through "manipulation of events by those involved in and affiliated with the occult, to produce a supernatural event through manipulation" *Id.* He further claims that: (1) Freemasons are employed in every occupation of government and systematically control the world through manipulation; (2) he was tricked into having surgery for a broken ankle in order to imbed a monitoring device in his bone; (3) after the surgery, Jesus told him that another remote neural monitoring device had been imbedded in his wrist to allow Satan to stand at his right hand; (4) Defendant D. Cole of the House of the Temple used voodoo, witchcraft, and sorcery to inflict Stanberry's ankle and wrist

---

[4] *Stringer v. Jackson*, 392 F. App'x 759, 760 (11th Cir. 2010).

[5] *Smith v. Hildebrand*, 244 F. App'x 288, 290 (11th Cir. 2007).

injuries in order to complete the clandestine conspiracy of making him a blood sacrifice "like they did Jesus"; and (5) Defendant Dr. Timothy Stone placed Stanberry on an involuntary medication order after Stanberry filed a motion seeking a federal court order directing correctional officials to amputate his right wrist and left ankle because Freemasons are trying to manipulate his life. *Id.* at 6–19.

Accepting all factual allegations in Stanberry's complaint as true and construing them in the light most favorable to him, the undersigned finds that Stanberry's complaint presents no comprehensible set of facts that support any claim for relief under § 1983. Instead, Stanberry's complaint consists entirely of allegations that are fantastical, bizarre, and delusional. As such, amendment of his complaint would be futile. For these reasons, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) and that all pending motions (Docs. 6, 7, 8) be DENIED as moot.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **May 26, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon

5

grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

      DONE this 12th day of May, 2021.

 

 

Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE